# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CSX Transportation, Inc.** | |
| **Plaintiff,** | |
| v. | **CASE NO**: |
| **B&G Futures, Inc.** | |
| **Defendant.** | |

## COMPLAINT

Plaintiff CSX Transportation, Inc., by and through its attorneys, files this Complaint against defendant B&G Futures, Inc., and in support thereof, avers as follows:

## PARTIES

1. Plaintiff, CSX Transportation, Inc. ("CSX"), is a corporation incorporated under the laws of the Commonwealth of Virginia with its principal place of business in Jacksonville, Florida.

2. CSX operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board, and is governed by the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq.*

3. B&G Futures, Inc. ("B&G") is an Ohio corporation with its principal place of business in Canton, Ohio.

## JURISDICTION

4. Jurisdiction is based upon 28 U.S.C § 1337 as this is a cause of action arising under the Interstate Commerce Act, 49 U.S.C. §§10101 *et seq*.

5. Jurisdiction in this matter is also based upon 28 U.S.C. § 1332(a) as the matter in controversy exceed $75,000.00 and there is complete diversity of citizenship among the parties.

## VENUE

6. Venue properly lies in this district pursuant to 28 USC § 1391(b) because the defendant is subject to personal jurisdiction in this judicial district and a substantial part of the events or omissions giving rise to the plaintiff's claims occurred this judicial district.

## PREDICATE FACTS

7. CSX operates as an interstate rail carrier subject to the jurisdiction of the United States Surface Transportation Board, and is governed by the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq.*

8. The rules which set forth the CSX's terms and conditions for transporting freight are set out in CSX's Intermodal Rules Directory No. 1, its tariffs, and subsequent amendments of the same, which are public tariffs posted on the internet (collectively the "Tariff").

9. The subject matter of this litigation arises from freight charges assessed pursuant to the Tariff, agreements and/or price authorities governing the common carriage of freight by CSX.

10. Price authorities are agreements between CSX and third-party customers seeking transportation services, like B&G, establishing specified rates under specified terms and conditions, including incorporation of the Tariff.

11. B&G engaged CSX to transport shipments of freight via interstate rail and requested CSX transport empty railcars to a location designated by B&G for loading or unloading (the "Shipments").

12. CSX transported the Shipments pursuant to price authority agreements entered into between CSX and B&G and subsequent amendments of the same (the "Agreement").

13. Under the Agreement, B&G is required to pay freight and related charges to CSX for the interstate transportation of freight by rail in accordance with rates established by the Agreement and/or the Tariff and price authorities.

14. B&G is required to pay CSX within fifteen days of CSX invoicing B&G for the transportation services provided by CSX.

15. Pursuant to the Agreement and/or Tariff, B&G's failure to timely pay the freight charges owed results in a finance charges accruing at the rate of twelve percent per annum. The finance charges continue to accrue on delinquent invoices until paid in full.

16. Pursuant to the Tariff, CSX is entitled to recover attorney's fees and costs incurred in seeking collection of any unpaid invoices, including litigation costs.

**Count I**
**(Failure to Pay Freight Charges)**

17. CSX incorporates all preceding paragraphs as if fully set forth at length herein.

18. Between July 2018 and November 2019, CSX transported the Shipments from Portsmouth, Virginia, to Warwick, Ohio, at the request of B&G.

19. Pursuant to the terms of transportation, B&G is responsible for paying CSX for the transportation services CSX rendered to B&G.

20. CSX submitted invoices to B&G for the freight charges that B&G accrued since September July of 2018.

21. Although demand has been made for payment of the freight charges, B&G has failed and/or otherwise refused to pay said charges.

22. The outstanding balance of freight charges owed to CSX for the Shipments is not less than $303,835.71.

## COUNT II
### (Breach of Contract)
### (In the Alternative)

23. CSX incorporates all preceding paragraphs as if fully set forth at length herein.

24. The total principal amount of freight and related charges owed to CSX by B&G for the Shipments is $303, 835.71.

25. B&G entered into valid and existing agreement(s) with CSX for transportation services via interstate rail.

26. Pursuant to the parties' agreement(s), B&G requested and utilized CSX's services for the transportation of freight by rail.

27. CSX provided the transportation services B&G requested and CSX submitted invoices to B&G for the charges that B&G incurred during the periods listed above.

28. The assessed freight charges were determined and made applicable pursuant to tariffs, rules, and rates including the Agreement and the Tariff governing the common carriage of freight by interstate rail carriers.

29. Although demand has been made for payment of the outstanding charges owed to CSX discussed herein, B&G has failed and/or refused to pay those charges which are due and owing to CSX.

30. B&G's failure to pay CSX for the transportation services CSX rendered is a breach of the parties' agreement(s).

31. As a direct and proximate result of B&G's breach, CSX has been damaged in the amount of $303,835.71 plus interest, finance charges, attorney's fees and costs.

**Count III**
**(Account Stated)**
**(In the Alternative)**

32. CSX incorporates all preceding paragraphs as if fully set forth at length herein.

33. B&G purchased transportation services via interstate rail from CSX and agreed to pay CSX for all such services rendered.

34. During the time of B&G's purchases, CSX maintained an accurate and running account of all debts for B&G's purchases of transportation services via interstate rail.

35. CSX performed its obligations under the agreement with B&G by providing transportation services via interstate rail on behalf of B&G.

36. CSX submitted written accounts to B&G accurately showing all debts owed by B&G for its purchases of CSX's services, which amounts to $303,835.71.

37. Although CSX has demanded payment for the balance due, B&G has failed to pay.

38. B&G has agreed to, assented, or acquiesced in the correctness of the account.

39. B&G has not questioned or objected either specifically or generally to the numerous accounts rendered.

### Count IV
### (Unjust Enrichment)
### (In the Alternative)

40. CSX incorporates all preceding paragraphs as if fully set forth at length herein.

41. At B&G's request, CSX conferred a benefit to B&G when CSX provided, and B&G accepted, transportation services via interstate rail.

42. The circumstances were such that B&G believed or reasonably should have believed that CSX expected B&G to pay for the transportation services CSX provided.

43. CSX has suffered a loss of in the amount of $303,835.71 as a direct and proximate result of B&G's failure to pay CSX for the services CSX rendered on behalf of B&G.

44. The circumstances are such that B&G's use of CSX's transportation services without payment for the same make it inequitable for B&G to retain the benefit CSX bestowed upon B&G.

45. CSX is entitled to damages in the amount of at least $303,835.71, which represents the reasonable and fair value of the transportation services B&G received from CSX.

**WHEREFORE**, Plaintiff CSX Transportation, Inc. respectfully demands that judgment be entered in its favor and against defendant B&G Futures, Inc, in an amount not less than $303,835.71., in addition to prejudgment interest, finance charges, which accrue up until the time of trial, together with costs and attorneys' fees, as required by the parties

agreement, CSX's Intermodal Rules Circular other tariffs, and such other relief as the Court may allow.

/s/ Marshal M. Pitchford
Marshal M. Pitchford (0071202)
mpitchford@dpylaw.com
**DICAUDO, PITCHFORD & YODER**
209 South Main Street, Third Floor
Akron, Ohio 44308
Phone: 330-762-7477
Facsimile: 330-762-8059

*Attorneys for CSX Transportation, Inc.*

Of Counsel:

Eric C. Palombo
Matthew J. Haskins
**KEENAN COHEN & MERRICK P.C.**
125 Coulter Avenue
Suite 1000
Ardmore, PA 19003
Phone: (215) 609-1110
Facsimile: (215) 609-1117
epalombo@freightlaw.net


Date: November 13, 2020

7